# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ILLINOIS

| | |
|---|---|
| **DANIEL GEHRIG,** ) <br> Individually And On Behalf Of ) <br> All Others, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> **VOLT INFORMATION** ) <br> **SERVICES, INC.** ) <br> **d/b/a** ) <br> **VOLT MANAGEMENT CORP.** ) <br> **d/b/a** ) <br> **VOLT WORKFORCE SOLUTIONS** ) <br> Registered Agent ) <br> CT Corporation System ) <br> 208 SO LaSalle St., Ste. 814 ) <br> Chicago, IL  60604 ) <br> ) <br> Defendant. ) | Case No.: 3:16-cv-249 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

**COMES NOW** the Plaintiff, Daniel Gehrig, by and through his attorneys, and on behalf of himself, the Putative Class set forth below, and in the public interest, brings the following class action Petition against Defendant, Volt Information Services, Inc., d/b/a Volt Management Corp., d/b/a Volt Workforce Solutions, ("Defendant"), pursuant to the Fair Credit Reporting Act ("FCRA").

### PRELIMINARY STATEMENTS

1. Plaintiff brings this action against Defendant for violations of the FCRA.

2. Defendant obtained information concerning the Plaintiff from a third party.

3. Defendant paid a fee to the third party for the information it obtained concerning the Plaintiff.

4. Defendant obtained information concerning the Plaintiff from a third party to conduct a background check.

5. The information obtained by the Defendant from the third party concerning the Plaintiff was a consumer report (as a "consumer report" is defined pursuant to the FCRA).

1. Defendant routinely obtains and uses information in consumer reports to conduct background checks on prospective and existing employees.

2. Defendant relies on information in consumer reports to make decisions regarding prospective or current employees.

3. Defendant relies on information in consumer reports, in whole or in part, as a basis for adverse employment action; such as a refusal to hire and/or termination.

4. Defendant took an "adverse action" (as an "adverse action" is defined pursuant to the FCRA) against the Plaintiff.

5. Defendant has taken an adverse employment action against the Plaintiff based on information contained in a consumer report.

6. Defendant failed to provide the Plaintiff with a copy of the consumer report prior to taking the adverse employment action against the Plaintiff.

7. Defendant failed to provide the Plaintiff a reasonable period of time to address the content of the consumer report prior to taking adverse employment action against the Plaintiff.

8. Defendant failed to provide Plaintiff a written description of his rights under the FCRA prior to taking adverse employment action.

9. Plaintiff was not provided with a pre-adverse action notice and allowed to address any possible inaccuracy in the consumer report before he was suspended by the

Defendant.

10. Plaintiff asserts a FCRA claim on behalf of himself and all other individuals who suffered an adverse employment action after March 3, 2014, that was based in whole or part on information contained in a consumer report.

11. On behalf of himself and the putative class, Plaintiff seeks statutory damages, punitive damages, costs and attorneys fees, and other appropriate relief pursuant to the FCRA.

## PARTIES

12. Plaintiff Gehrig is a resident of Greenville, Illinois.   Plaintiff is a member of the Putative Classes defined below.

13. Defendant is a foreign company formed under the laws of New York and doing business in Illinois and through the United States.

## JURISDICTION AND VENUE

18. This court has jurisdiction over Plaintiff's FCRA claim pursuant to 28 U.S.C. § 1331.

19. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.   Plaintiff resides in Illinois, applied to work for Defendant in Illinois, and his claims arise, in substantial part, in Illinois.   Defendant regularly conducts business in Illinois and is subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

20. Plaintiff applied online for employment with the Defendant in or about July 2015.

21. Approximately 2-3 weeks later, Plaintiff had an in-person interview with the Defendant for a position with Caterpillar at the Caterpillar facility.

22. Plaintiff returned a few days after the interview to perform additional testing for the position at Caterpillar.

23. Defendant obtained information regarding the Plaintiff from Hireright.

24. The information obtained from Hireright concerning the Plaintiff was a consumer report.

25. Plaintiff received a phone call in or about late July 2015 from Defendant informing him that due to his consumer report he would not be considered for employment.

26. Plaintiff did not receive a copy of the consumer report until sometime in or about August 2015.

27. The manner in which Defendant obtained a consumer report on the Plaintiff is consistent with its policies and practices.

28. The manner in which Defendant obtained a consumer report on the Plaintiff is the same or similar method used to obtain consumer reports on other putative class members.

29. Defendant is aware of the FCRA.

30. Defendant has knowledge that it must comply with the FCRA.

31. Defendant is required to obtain a consumer report for employment purposes in accordance with the FCRA.

32. Defendant paid a fee to a consumer reporting agency in order to procure information on the Plaintiff.

33. A contract for the procurement of consumer reports exists between the Defendant and the consumer reporting agency that provided the Defendant with the Consumer Report on the Plaintiff.

34. Plaintiff was denied employment by Defendant, in whole or in part, due to information contained in a consumer report.

35. Plaintiff was not provided a pre-adverse action notice prior to being denied a position with the Defendant.

36. Since Plaintiff did not receive proper notice prior to the adverse action he was not provided a reasonable amount of time to cure or explain any inaccuracy in the consumer report that may have affected the Defendant's decision.

37. Defendant certified to Hireright that prior to taking an adverse action it would provide the Plaintiff with proper notice pursuant to the FCRA.

38. The FCRA states that in using a consumer report for employment purposes, before taking any adverse action, based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates a copy of the report; and a description in writing of the rights of the consumer.

39. Defendant is aware that it is required by the FCRA to have provided a copy of the consumer report to the Plaintiff before taking any adverse action.

40. Despite having knowledge of the requirements of the FCRA, Defendant failed to comply with the FCRA.

41. Defendant's failure to provide the Plaintiff with a copy of the consumer report, a reasonable notice period in which to challenge any inaccuracy in the consumer report, or a written description of his rights under the FCRA prior to the adverse action, constitutes multiple violations of the FCRA.

42. Defendant's multiple violations of the FCRA combined with its knowledge of the

requirements of the FCRA is evidence that the Defendant's violations were willful.

43. Defendant should have provided a certification to the consumer reporting agency that it had complied with the disclosure and authorization requirements of the FCRA prior to obtaining a consumer report on the Plaintiff.

1. Defendant should have provided a certification to the consumer reporting agency that it would comply with the adverse action requirements of the FCRA prior to obtaining a consumer report on the Plaintiff.

2. Defendant should have provided a certification to the consumer reporting agency that information from the consumer report would not be used in violation of any applicable Federal or State equal employment opportunity law or regulation prior to obtaining a consumer report on the Plaintiff.

## CLASS ACTION ALLEGATIONS

43. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

44. Plaintiff asserts the following adverse action class defined as:

> **Proposed Adverse Action Class:** All employees or prospective employees of Defendant in the United States that suffered an adverse employment action on or after March 8, 2014, that was based, in whole or in part, on information contained in a consumer report, and who were not provided a copy of such report, and/or a reasonable notice period in which to challenge any inaccuracy in the consumer report in advance of said adverse employment action.

### Numerosity

45. The proposed class is so numerous that joinder of all class members is impracticable. Defendant regularly obtains consumer reports on prospective employees and existing employees. Defendant relies on such information, in whole or in part, as a basis for adverse employment action. Given the number of

employees working for or through the Defendant, Plaintiff believes that during the relevant time period, thousands of individuals would fall within the definition of the Putative Classes.

## Common Questions of Law and Fact

46. Virtually all of the issues of law and fact in this class action predominate over any questions affecting individual class members. Among the questions of law and fact common to the classes are:

    a. Whether Defendant uses consumer report information to conduct background checks on employees and prospective employees;

    b. Whether Defendant violated the FCRA by taking adverse action against Plaintiff and other members of the Adverse Action class on the basis of information in a consumer report, without first providing a copy of the report to the affected individuals;

    c. Whether the Defendant violated the FCRA by failing to provide the Plaintiff and other members of the Adverse Action Class with a reasonable amount of time to cure any inaccuracy within the consumer report prior to the adverse employment action;

    d. Whether Defendant's violations of the FCRA were willful;

    e. The proper measure of statutory damages and punitive damages; and

## Typicality

47. Plaintiff's claims are typical of the members of the proposed classes. Defendant typically uses consumer reports to conduct background checks on employees and prospective employees, but fails to provide the consumer report before taking an adverse employment action based on information contained in said report. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members and the Defendant treated Plaintiff consistent with other Putative Class

members in accordance with its standard policies and practices.

### Adequacy of Representation

48. Plaintiff, as a representative of the classes, will fairly and adequately protect the interests of the Putative Classes and has no interest that conflict with or are antagonistic to the interest of the class members. Plaintiff has retained attorneys competent and experienced in class action litigation. No conflict exists between Plaintiff and members of the class.

### Superiority

49. A class action is superior to any other available method for the fair and efficient adjudication this controversy, and common questions of law and fact overwhelmingly predominate over individual questions that may arise.

50. This case is maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because prosecution of actions by or against individual members of the putative class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual class member's claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

51. This case is maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because Defendant has acted or refused to act on grounds that apply generally to the class, so that any final relief is appropriate respecting the class as a whole.

52. Class certification is also appropriate under Rule 23 of the Federal Rules of Civil

>   Procedure because questions of law and fact common to the putative class predominate over any questions affecting only individual members of the putative class, and because a class action superior to other methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against

53. Defendant, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution, the Plaintiff is unaware of any similar claims brought against Defendant by any members of the Putative Class on an individual basis. Class certification also will obviate the need for unduly duplicative litigation that might result the inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all putative class members' claims in a single forum.

54. Plaintiff intends to send notice to all members of the putative class to the extent required by Rule 23 of the Federal Rules of Civil Procedure. The names and address of the potential class members are available from Defendant's records.

## **Adverse Action Violations**

55. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

56. Defendant obtained a "consumer report," as defined by the FCRA, concerning the Plaintiff from a consumer reporting agency.

57. Defendant used a consumer report, as defined by the FCRA, to take adverse employment action against Plaintiff, and on information and belief, other members of the adverse action class.

58. Defendant violated the FCRA by failing to provide Plaintiff, and other adverse action class members, with a copy of the consumer report that was used to take adverse employment action against them prior to the adverse action.

59. Defendant violated the FCRA by failing to provide the Plaintiff and other adverse action class members with a reasonable time to cure any inaccuracies within the consumer reports prior to the adverse action.

60. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and rights of Plaintiff and other adverse action class members under the provisions of the FCRA. Defendant's willful conduct is reflected by, among other things, the following facts:

   a. Defendant is a large corporation with access to legal advice through its own General Counsel's office and outside employment counsel;

   b. Defendant committed multiple violations of the FCRA by not providing the Plaintiff with a copy of the consumer report and not providing the Plaintiff with a reasonable notice period to cure inaccuracies before taking adverse employment action as mandated by the FCRA;

   c. The Defendant has ignored regulatory guidance from FTC Informal Staff Opinions and the unambiguous language of the FCRA; and

   d. 15 U.S.C. §1681-1681y, requires consumer reporting agencies to provide notice to users of consumer reports of the users legal obligations under the FCRA prior to the procurement of consumer reports.

61. Plaintiff and the adverse action class are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

62. Plaintiff and the adverse action class members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

63. Plaintiff and the adverse action class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

**WHEREFORE,** the Plaintiff respectfully requests that this Court issue an Order for the following:

   a. Order that this action may proceed as a class action under Rule 23 of the Federal Rules of Civil Procedure;

   b. Order designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

   c. Order directing proper notice to be mailed to the Putative Class at Defendant's expense;

   d. Order finding that Defendant committed multiple, separate violations of the FCRA;

   e. Order finding that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations of the FCRA;

   f. Order awarding statutory damages and punitive damages as provided the FCRA;

   g. Order awarding reasonable attorneys' fees and costs as provided by the FCRA; and

   h. Order granting other and further relief, in law or equity, as this Court may deem appropriate and just.

### Demand for Jury Trial

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff and all members of the proposed classes have a right to jury trial.

By: /s/ Jayson A. Watkins
Charles Jason Brown MO 49952
Jayson A. Watkins MO 61434
Brown & Associates LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-424-1390
Fax: 816-424-1337
brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEYS FOR PLAINTIFF